O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| TESORO REFINING & MARKETING COMPANY LLC,<br><br>            Plaintiffs,<br><br>      v.<br><br>PETROLEUM ONE, INC; HOSSEIN WAISIRI; RENNA BAIRAMI; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 8:13-cv-01713-ODW (RZx)<br><br>**ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT [23]** |

## I.   INTRODUCTION

Before the Court is Plaintiff Tesoro Refining & Marketing Company, LLC's ("Tesoro") Motion for Default Judgment. (ECF No. 23.) This breach-of-contract case was filed on October 1, 2013. Defendants Petroleum One, Hossein Wasiri, and Renna Bairami have not answered the Complaint and have failed to appear. The Clerk of Court entered default on January 22, 2014, and Tesoro filed this Motion for Default Judgment on January 24, 2014. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

/ / /

## II. FACTUAL BACKGROUND

Plaintiff Tesoro filed the Complaint against Defendants on October 30, 2013, alleging breach of contract/guaranty, unjust enrichment, fraud, open book account, and goods and services rendered. (ECF No.1.) All of the claims stem from Tesoro's allegation that Petroleum One failed to pay $328,401.22 for fuel ordered between September 20, 2013 and September 29, 2013. (*Id.*)

Defendant Petroleum One, LLC is a California corporation that operates a retail gas station in South Gate, California. (Kim Decl. ¶ 2.) Defendant Hossein Waisiri is the sole shareholder and President of Petroleum One. (Grnja Decl. Ex A, C.) Defendant Renna Bairami is his wife. (Mot. 3.) Tesoro sells and markets gas under the ARCO brand as a franchisor. (*Id* at 3–4.)

In June 2011, BP Petroleum West Coast Products, LLC ("BPWCP"), another ARCO franchisor, entered into four agreements with the Defendants: (1) a Contract Dealer Gasoline Agreement ("Gasoline Agreement"); (2) an Area Bonus Payment Reimbursement Agreement ("ABPR Agreement"); (3) an Unconditional Guaranty – Franchise Agreement; and (4) an Unconditional Guaranty for the ABPR Agreement. (Grnja Decl. ¶¶ 3–6.) In June 2013, BPWCP assigned its rights under all of these contracts to Tesoro. (*Id.*)

The Gasoline Agreement, between Petroleum One and BPWCP outlined Petroleum One's duties as an ARCO franchisee including: (1) ordering gas from BPWCP; (2) paying BPWCP for gas prior to delivery via Electronic Funds Transfer ("EFT"); and (3) indemnifying BPWCP for any claims arising out of the breach of the Gasoline Agreement. (*Id.* at Ex. A.) BPWCP could terminate the agreement if Petroleum One failed to pay in a timely manner. (*Id.*)

In the ABRP Agreement, between Petroleum One and BPWCP, Petroleum One agreed to return a $200,000 "Area Bonus Payment" from BPWCP, if the Gasoline Agreement was terminated—for any reason—before ten years. (*Id.* at Ex C.)

///

Under the Unconditional Guaranty – Franchise Agreement, Waisiri became personally liable to BPWCP for all debts incurred by Petroleum One under the Gasoline Agreement. (*Id.* at Ex B.) Paragraph 7 holds Waisiri responsible for attorneys' fees and costs "incurred by BP in enforcing the Guaranty." (*Id.*)

The Unconditional Guaranty – Area Bonus Payment Reimbursement Agreement between Waisiri, Bairami, and BPWCP, allowed BPWCP to demand immediate payment from Waisiri and Bairami if Petroleum One breached the ABPR agreement by failing to pay. (*Id.* at Ex. D.) Waisiri and Bairami also agreed to pay attorneys' fees and costs that arose from any claim under the agreement. (*Id.*)

On August 1, 2013—after BPWCP had assigned its contractual rights to Tesoro—Tesoro entered into a Continuing Guaranty with Waisiri, which personally obligated Waisiri for any debt Petroleum One owed Tesoro whether the liability arose from a direct interaction with or a right assigned to Tesoro. (*Id.* at Ex F.) The Guaranty mandated that Waisiri pay all costs, including attorneys' fees, incurred by Tesoro to enforce the Guaranty. (*Id.*)

Petroleum One placed fuel orders from September 20, 2013 to September 29, 2013 totaling $382,401.22. (Compl. ¶¶ 19–30.) From September 20, 2013 to October 4, 2013, Tesoro received five unpaid invoices for the gasoline it delivered to Petroleum One. (*Id.* at ¶¶ 31, 33–35.) Tesoro sent four emails to Waisiri between September 30, 2013 and October 4, 2013 advising him that the invoices were returned and demanding payment. (*Id.* at ¶¶ 32–35.) On October 7, 2013, Tesoro sent Waisiri a Demand Notice informing him that Petroleum One was in default of the Gasoline Agreement and demanding immediate payment of $382,401.22. (*Id.* at ¶ 36.)

On October 11, 2013, Tesoro sent Petroleum One a Notice of Termination advising Petroleum One that (1) the relationship was being terminated because Petroleum One breached the Gasoline Agreement; (2) the termination of the Gasoline Agreement triggered the repayment of the $200,000 Area Bonus Payment; and

/ / /

(3) Tesoro was demanding a total of $582,401.22 for the returned invoices and the Area Bonus Payment. (*Id*. at ¶ 37–39.)

Waisiri and Bairami were personally served the Summons and Complaint on December 21, 2013. (Kim Decl. Ex D, E.) After numerous attempts to serve Petroleum One, the Court granted Tesoro's request to serve process on the Secretary of State, which was completed on November 20, 2013. (Kim Decl. ¶¶ 3–4.) Defendants were required to answer the Complaint by January 13, 2014. They failed to do so and default was entered on January 22, 2014. (ECF Nos. 19, 20.) Tesoro now moves for entry of default judgment against all Defendants. (ECF No. 23.)

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the default is entered under Rule 55(a). Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice if required by Federal Rule of Civil Procedure 55(b)(2).

A district court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability generally is conclusively established and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of dispute concerning material facts; (6) whether the defendants default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV. DISCUSSION

### A. Notice

The Court finds that Tesoro has complied with all the requirements of Local Rule 55-1. Waisiri and Bairiami were personally served on December 21, 2013. (ECF No. 11, 12.) Per court order, Petroleum One was served via the Secretary of State on November 20, 2013. (ECF No. 8.)

### B. Eitel Factors

#### 1. *Possibility of Prejudice to the Plaintiff*

The possibility of prejudice to the plaintiff exists when denying default judgment would leave the plaintiff without a proper remedy or alternate recourse for recovery. *See PepsiCo Inc. v. Cal.Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Landstar Ranger v. Parth Enter., Inc.* 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). This factor favors default judgment because the defendants have failed to appear or offer a defense in this case, so the only way Tesoro can enforce the terms of the contract is through default judgment.

#### 2. *Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint*

The second and third *Eitel* factors require plaintiff to "state a claim upon which they may recover." *See Phillip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). To prevail on a breach-of-contract or breach-of-guaranty claim, plaintiff must prove (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach under the contract, and (4) damages. *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App. 4th 1171, 1178 (2008).

Tesoro has offered evidence of the contracts listed above, its rights under the contracts as assigned by BPWCP, and that it performed its contractual duties by delivering fuel to Petroleum One and paying Petroleum One $200,000. Tesoro's evidence establishes that collectively Defendants breached the Gasoline Agreement

and ABPR Agreement by failing to pay for fuel, and failing to repay the Area Bonus Payment upon Tesoro's rightful termination of the Gasoline Agreement.

Tesoro has shown damages of $382,401.22 under the Gasoline Agreement, and $200,000 under the ABPR Agreement. This factor favors default judgment.

### 3. *Sum of Money at Stake and Possibility of Disputed Material Facts*

The next *Eitel* factor favors default judgment when "the sum of money is reasonably proportionate to the harm caused by the defendant's actions" and the likelihood of a dispute over material facts is low. *Landstar*, 725 F. Supp. 2d at 921–922; *See also WeCoSign, Inc. v. IFG Holdings*, 845 F. Supp. 2d. 1072, 1082 (C.D. Cal. 2012). Money that "naturally flows" as a result of the defendant's contractual breach is considered reasonably proportionate to the harm. *See Walters v. Statewide Concrete Barrier, Inc.,* No. C-04-2559 JSW (MEJ), 2006 WL 2527776, at *4 (N.D. Cal. 2006). When the plaintiff in a "relatively straightforward" case has filed a well-pleaded complaint with strong supporting documentation, it is unlikely material facts will be in dispute. *See, e.g., WeCoSign*, 845 F. Supp. 2d. at 1082; *HICA Educ. Loan Corp. v Warne*, No. 11-CV-04287-LHK, 2012 WL 1156402, at *3 (N.D. Cal. 2012).

Both factors favor granting default judgment here. Damages of $582,401.22 and $16,473.52 of attorneys' fees and costs flow naturally from Defendants breach of the Gasoline Agreement and ABRP Agreement. Tesoro offers strong supporting documentation in this straightforward breach-of-contract case, including signed contracts and guaranties, invoices, and the demand letter sent to Waisiri.

### 4. *The Possibility of Excusable Neglect*

There is little possibility of excusable neglect and default judgment is favored when the defendant fails to respond after being properly served. *See WeCoSign*, 845 F. Supp. 2d. at 1082. When the Secretary of State is properly served instead of the defendant in a breach-of-contract case default judgment is favored if the plaintiff has, made numerous attempts to locate the defendant, made a demand for payment due

under the contract, and defendant fails to respond to the complaint. *See Landstar*, 725 F. Supp. 2d at 922.

This factor favors default judgment. Waisiri and Bariami were properly served. While Petroleum One was served through the Secretary of State, Tesoro made numerous attempts to serve an agent, and sent Petroleum One's president, Waisiri, numerous emails and a letter demanding payment.

5. *Policy for Deciding Cases on the Merits*

There is a strong preference for deciding each case on its merits whenever "reasonably possible." *See Id.* However, this preference alone is not dispositive and a defendant's "failure to answer plaintiff's complaint makes a decision on the merits impractical if not impossible." *See PepsiCo*, 238 F. Supp. 2d at 1177. This factor favors default judgment because defendants have failed to respond to Tesoro's Complaint.

**C. Remedies**

Tesoro offers evidence to support a total award of $598,874.74, including damages of $382,401.22 under the Gasoline Agreement/Guaranty, $200,000 under ABPR Agreement/Guaranty, (3) $15,248.02 for attorneys' fees in accordance with Local Rule 55-3, and (4) $1,225.50 for costs.

The Court finds Tesoro's evidence including declarations, signed contracts/guaranties, fuel invoices, demand letter to Waisiri and an accounting of costs, sufficient to prove its damages.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Default Judgment and awards Tesoro a total of $598,874.74.  (ECF No. 23.)

**IT IS SO ORDERED.**

March 3, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**